
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4264 | **DATE** | 10/28/2002 |
| **CASE TITLE** | Altounian Builders vs. International Union, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiff's motion for a 120-day stay of proceedings pending the issuance of a decision by NLRB. Status hearing set for 2/28/03 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 29 2002 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/28/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |


OCT 29 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALTOUNIAN BUILDERS INC., )
)
Plaintiff/Counter-Defendant, )
)
v. )
) No. 02 C 4264
INTERNATIONAL UNION OF BRICKLAYERS )
AND ALLIED CRAFT WORKERS, LOCAL NO. )
20, AFL-CIO, et al., )
)
Defendants/Counter-Plaintiffs. )

### MEMORANDUM OPINION AND ORDER

I.

Plaintiff Altounian Builders Inc. ("Altounian") is a general contractor specializing in custom homes and light buildings. Defendants ("Bricklayers") are unions representing bricklayers and allied workers. Altounian has collective bargaining agreements with Bricklayers, as well as with a local affiliate of the United Brotherhood of Carpenters and Joiners of America ("Carpenters").

In February 2002, a dispute arose between Altounian and Bricklayers over the installation of prefabricated aerated autoclave concrete ("PAAC"). Altounian assigned to Carpenters PAAC work which Bricklayers believed it was entitled to perform. Bricklayers informed Altounian by letter that it intended to settle the matter in a grievance hearing before a joint arbitration board ("JAB"), as outlined in the collective bargaining agreement between the parties. Representatives of Bricklayers allegedly also

14

threatened to picket Altounian unless it assigned the work to Bricklayers. In response to this alleged threat, Altounian filed a charge with the National Labor Relations Board ("NLRB"), asserting that Bricklayers' threat was a violation of § 8(b)(4) of the National Labor Relations Act ("NLRA"). The NLRB conducted an initial investigation and then held a hearing pursuant to § 10(k) of the NLRA, 29 U.S.C. § 160(k), to determine if Bricklayers' actions were improper, and if so, to determine whether Carpenters or Bricklayers should be assigned the PAAC work. The NLRB hearing took place on March 21, 2002, and a decision is currently pending.

Meanwhile, Bricklayers proceeded with its grievance action before the JAB. Amid disputed circumstances, Altounian was not able to attend this arbitration, which took place on March 4, 2002. The JAB issued a written decision on or about March 21, 2002, found that Altounian had violated its contract with Bricklayers by assigning the PAAC work to Carpenters, and awarded damages to Bricklayers for the work it had lost.

On April 19, 2002, Bricklayers informed Altounian of a further grievance involving alleged contract violations related to the assignment of PAAC work. On May 6, 2002, both parties appeared before the JAB in a second arbitration to address that grievance. Despite Altounian's position that only the NLRB has the authority to resolve competing jurisdictional claims between two unions, the JAB again found in favor of Bricklayers and awarded damages to

2

Bricklayers for its lost wages.

On June 14, 2002, Altounian filed the present action to vacate the arbitration awards. Altounian now moves for a 120-day stay of these proceedings pending the issuance of a decision by the NLRB. I grant the motion.

## II.

The parties agree that a decision by the NLRB as to which union is entitled to perform PAAC work will be binding on all parties and will take precedence over competing arbitration awards. *Miron Constr. Co. v. Int. Union of Operating Eng'rs*, 44 F.3d 558, 564 (7th Cir. 1995). Altounian suggests that this court should exercise its inherent power to grant a stay pending the NLRB's decision. *See Creative Foods of Ind., Inc., v. My Favorite Muffin, Too, Inc.*, 2002 U.S. Dist. LEXIS 2816, *12 (S.D. Ind. 2002). It states that if this court denies a stay, and the NLRB subsequently decides that the PAAC work was properly assigned to Carpenters, both parties and the court will have wasted a good deal of time and money litigating the enforceability of moot arbitration awards.

In opposition, Bricklayers argues, first, that the national policy favoring speedy resolution of labor disputes mitigate against granting the proposed stay. This is an excellent policy where strikes, lockouts, etc. are concerned, or where a dispute prevents the prompt payment of laborers for work performed. But the instant case does not implicate any such urgent situation.

3

Bricklayers seeks payment not for work it performed, but for damages to which it may be entitled. It has not presented any arguments that its interests will be prejudiced by the stay. If, following a decision by the NLRB in the Bricklayers' favor, I hold that the arbitration award must be enforced, Bricklayers will be paid in full.

Second, Bricklayers argues that portions of the arbitration award will be unaffected by the NLRB's decision, no matter what it may be. I simply do not have enough evidence before me at this point to determine the accuracy of this statement. But even if Bricklayers is right, there is little reason to proceed with discovery on those issues which the NLRB decision will not affect while delaying discovery on intricately related issues which were decided at the same arbitration hearings, but which may be resolved by the NLRB's decision. It is far more efficient to investigate all related issues at the same time.

Finally, Bricklayers correctly points to cases holding that a pending NLRB action on a dispositive issue does not prevent a federal court from moving forward simultaneously. *See Glass, Molders, Pottery, Plastics, and Allied Workers v. A-CMI Michigan Casting Ctr.*, 191 F.3d 764 (6th Cir. 1999); *Ryan-Walsh Stevedoring v. General Longshore Workers*, 509 F. Supp. 463 (E.D. La. 1981). However, nothing in the cited cases suggests that a court may not issue a stay where, as here, delay will prejudice neither party's

interests and may streamline litigation in the long run.

Bricklayers is correct that a stay is not required in these circumstances. However, in order to avoid needless backtracking or wasteful discovery, it is advisable.

The motion to stay proceedings is GRANTED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 28, 2002